IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00109-CR

 

Alfred Windon Scott,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 361st District
Court

Brazos County, Texas

Trial Court No. 06-01712-CRF-361

 



MEMORANDUM  Opinion



 

Appellant has filed a motion to dismiss
his appeal.  See Tex. R. App.
P. 42.2(a).  We have not issued a decision in this appeal, and Appellant
personally signed the motion.  Accordingly, the appeal is dismissed.

 

 

 

REX D. DAVIS

Justice

 




 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Appeal
dismissed

Opinion
delivered and filed March 4, 2009

[CR25]






e;mso-no-proof:yes'>Patricia Wilz, Guardian of 

Jon Patrick Flournoy, 

An Incapacitated Person,

                                                                      Appellant

 v.

 

Jack M. Sanders, Jr.,

                                                                      Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court # 26,300-A-1

 



CONCURRING Opinion



 








I cannot agree to immunize, as a matter of law,
all attorneys appointed to review settlements on behalf of incapacitated
persons.  There is at least some conflict
in this record about whether Sanders was acting as an attorney ad litem or
guardian ad litem.  But in either event,
his duties were to protect the ward, not act as an arm of the court to decide a
matter as would a special master. 
Protecting the ward is the service for which a fee was paid.  I will, however, acknowledge that there is a
vast difference between the duties of a guardian ad litem and an attorney ad
litem, though the extent and nature of those respective duties is not, at this
time, clear.  Indeed, the subject has
recently been the focus of discussion, analysis, and review by the Texas
Supreme Court Rules Advisory Committee in its consideration of amending Rule
173 of the Texas Rules of Civil Procedure.

But the resolution in this case is not dependent
on whether Sanders properly performed his duties, whatever they were, as a
guardian ad litem or an attorney ad litem. 
That is because Sanders’s duties, whatever they were, were concluded a
decade before this litigation. During that decade, the ward’s legal guardian
and the legal guardian’s wife engaged in illegal acts that wholly depleted the
ward’s estate; a classic superseding cause. 
It would not have mattered what Sanders did a decade ago.  The legal guardian, who was the ward’s father,
and his new wife stripped the ward’s estate. 
Only when there was nothing left to take was the ward
institutionalized.  Because of this
superseding cause, I concur only in affirming the judgment that Wilz take
nothing from Sanders.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Concurring
opinion issued and filed February 23, 2005